Mark STEPHENSON, Plaintiff,

v.

CNA FINANCIAL CORPORATION, Edward J. Noha, Senior Executive, Lawrence A. Tisch, Chief Executive, Dennis H. Chookaszian, Vice President, Thomas R. Igleski, Vice President, Barbara Demytrasz, Supervisor, and Chrissy Gresey, Defendants.

No. 90 C 06445.

United States District Court,
N.D. Illinois, E.D.

July 24, 1991.

Mark Stephenson, pro se.

Jeffrey S. Goldman, Mari R. Hatzenbuehler, Joel W. Rice, Fox & Grove, Chtd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The remaining count of plaintiff Mark Stephenson's three-count complaint alleges employment discrimination on the part of CNA Financial Corp. ("CNA"), Edward J. Noha, Lawrence A. Tisch, Dennis H. Chookaszian, Thomas R. Igleski, Barbara Demytrasz, and Chrissy Gresey (collectively, "CNA defendants"). Noha, Tisch, Chookaszian, Igleski, and Demytrasz—five of the six individual defendants—now move to dismiss the complaint, or, alternatively, for summary judgment.[1] For the reasons set forth below, we grant the motion for summary judgment.[2]

On May 7, 1987, CNA fired Stephenson from his job as a program analyst. On May 12, 1987, Stephenson filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that his project supervisor at CNA had discriminated against him in the conditions of his employment be-

---

1. As a procedural matter, we note that the CNA defendants have already moved once for dismissal pursuant to Fed.R.Civ.P. 12. That first dismissal motion did not set forth the argument presented here, though perhaps it could, or even should, have. We will thus treat this motion as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(g) (second Rule 12 motion generally not permitted). However, we caution defense counsel to be aware of Rule 12(g)'s consolidation provisions. *See* C. Wright & A. Miller,

*Federal Practice and Procedure* § 1387, at 734–35 (1990).

2. Stephenson's motion for appointment of counsel is granted. Having carefully considered the "circumstances of the case," including the merits of Stephenson's claim, the nature of the factual issues raised therein, the complexity of the case, and Stephenson's ability to present it, we grant the motion. *Maclin v. Freake,* 650 F.2d 885, 886–89 (7th Cir.1981).

cause of his race, and that he had been fired solely for racial reasons in violation of Title VII. The Charge of Discrimination named CNA as respondent, and set forth various alleged acts of discrimination by Stephenson's project supervisor, but did not name Noha, Tisch, Chookaszian, Igleski, and Demytrasz. On August 20, 1990, Stephenson received a right to sue notice from the EEOC, and some months later he filed a three-count complaint against the CNA defendants. On February 12, 1991, the CNA defendants moved to dismiss the complaint as to all defendants, on all counts. We denied the motion as to Count I, and granted it as to Counts II and III. *Stephenson v. CNA Financial Corp.*, No. 90 C 6445, 1991 WL 71798 (N.D.Ill. Apr. 23, 1991).

■ Noha, Tisch, Chookaszian, Igleski, and Demytrasz now contend that Stephenson cannot maintain a Title VII action against them because they were not named in Stephenson's EEOC charge, as required by 42 U.S.C. § 2000e–5(f)(1); *see also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). Under Rule 56, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In other words, Stephenson must demonstrate

the existence of the elements essential to his case to withstand summary judgment. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

Ordinarily, a party not named in an EEOC charge may not be sued under Title VII. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989); *Eggleston*, 657 F.2d at 905; *Le Beau v. Libby–Owens–Ford Co.*, 484 F.2d 798, 799 (7th Cir.1973). This jurisdictional requirement serves a two-fold purpose: (1) to notify the charged party of the alleged violation; and (2) to give that party an opportunity to participate in conciliation and to comply voluntarily with Title VII. *See, e.g., Schnellbaecher*, 887 F.2d at 126; *Eggleston*, 657 F.2d at 905.

This dual purpose suggests an exception to the rule that only parties named in the EEOC charge may be sued. Where the unnamed party or parties had adequate notice of the charge, and had an opportunity to participate in conciliation, the general rule does not apply. *Eggleston*, 657 F.2d at 905; *see also Feng v. Sandrik*, 636 F.Supp. 77, 81 (N.D.Ill.1986). An additional factor to be considered is whether strictly holding a plaintiff to the filing requirement could deprive her of redress of any legitimate grievances. *Eggleston*, 657 F.2d at 907 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)); *Feng*, 636 F.Supp. at 81.[3]

■ The factors used to determine if an exception to the general rule should be permitted are not applicable in this case. Noha, Tisch, Chookaszian, Igleski, and Demytrasz were never given notice of Stephenson's EEOC charge, see Motion Exhs. B–F (affidavits), and Stephenson has brought forward no evidence showing that they had any opportunity to participate in conciliation. In short, nothing in the evidence presented shows that they could have anticipated an action against them.

---

**3.** Stephenson argues that because lay persons typically file EEOC discrimination charges without consulting lawyers, we should not insist on hypertechnical limitations on subsequent civil suits. This contention is precisely the thinking underlying the exceptions to the general rule prohibiting suit against parties not named in the EEOC charge. *Feng*, 636 F.Supp. at 81.

*Feng,* 636 F.Supp. at 81.[4]  Finally, Stephenson may still receive the full measure of available relief against the remaining defendants, assuming that he ultimately prevails in this suit.

The motion for summary judgment as to Noha, Tisch, Chookaszian, Igleski, and Demytrasz is granted.  It is so ordered.

---

4.  Contrary to Stephenson's argument, the individual defendants are not amenable to suit simply because they held high offices in CNA.  This fact, standing alone, is not sufficient to confer personal jurisdiction over these defendants.  *See Perera v. Flexonics, Inc.,* 727 F.Supp. 406, 411 (N.D.Ill.1989).