Carole JANOPOULOS, Plaintiff,

v.

HARVEY L. WALNER & ASSOCIATES, LTD. and Harvey L. Walner, Defendants.

No. 93 C 5176.

United States District Court, N.D. Illinois, E.D.

Oct. 28, 1993.

460

Ronald S. Fishman, Fishman & Fishman, Ltd., Mark D. DeBofsky, DeBofsky & DeBofsky, Chicago, IL, for plaintiff.

Laurie Ellen Leader, Leader & Hunt, P.C., Northbrook, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Carole Janopoulos ("Janopoulos") sues both Harvey L. Walner & Associates, Ltd. ("Walner & Associates") and Harvey L. Walner individually ("Walner") (collectively "defendants") for sexual harassment, retaliatory discharge and intentional infliction of mental distress. Counts I and III of Janopoulos' complaint allege violations of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e et seq. ("Title VII"); Count II alleges violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117 ("the ADA"); and Count IV alleges violations of Illinois common law. Walner moves to dismiss Counts I, II and III of the complaint against him.

## BACKGROUND

■ When considering a motion to dismiss, this court must accept all well-pleaded facts as true, draw all inferences in favor of the plaintiff, and view the plaintiff's allegations in the light most favorable to her. *See, e.g., Gould v. Artisoft, Inc.,* 1 F.3d 544, 546 (7th Cir.1993); *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). Janopoulos worked for defendants from March 1964 to January 1970, from 1972 to 1976, and from June 1981 to October 1992. Complaint ¶ 6. Her most recent position was office manager. *Id.* Janopoulos alleges that, over the course of several years and continuing until September 17, 1992, Walner made sexually graphic suggestions and remarks, subjected her to offensive physical contact, and created a hostile work environment offensive to Janopoulos and any reasonable woman or person. *Id.* Walner's behavior was so physically and emotionally offensive that Janopoulos sought and received psychiatric treatment. *Id.,* ¶ 7; Resp. at 1. When Walner disregarded Janopoulos' demand that he cease his offensive conduct,

Janopoulos filed a charge of discrimination with the Equal Employment Opportunity Commission on September 24, 1992. *Id.,* ¶ 8. Janopoulos told Walner that she filed a charge of discrimination and that her psychiatrist recommended she take a medical leave of absence. *Id.,* ¶ 9; Resp. at 1. Janopoulos requested a medical leave of absence on October 1, 1992; Walner denied her request. *Id.,* ¶¶ 9–10. In addition, Walner circulated a memorandum on October 9, 1992, that falsely stated Janopoulos had resigned from her job. *Id.,* ¶ 10.

Walner & Associates answered all four counts of the complaint. Walner joins Walner & Associates' answer to Count IV only. Walner moves to dismiss Counts I, II, and III against him. He contends that Title VII and the ADA do not apply to him because he is not an employer.

## DISCUSSION

■ A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chicago Housing Authority,* 892 F.2d 583, 586 (7th Cir.1989), *cert. denied,* 498 U.S. 845, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). This court will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling her to relief. *Venture Assocs. v. Zenith Data Systems,* 987 F.2d 429, 432 (7th Cir.1993); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Thus, the complaint may be dismissed only if the plaintiff pleads herself out of court by alleging facts that show she is not entitled to judgment. *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992).

The success of Walner's motion to dismiss hinges on whether Walner is an employer for the purposes of Title VII and the ADA. This court recently considered this issue in a case with similar factual allegations. *Ruich v. Ruff, Weidenaar & Reidy, Ltd., et al.,* No. 93 C 4872, 1993 WL 398635 (N.D.Ill. Oct. 6, 1993). In that case, Ruich, a legal secretary,

sued both a law firm ("Ruff, Weidenaar") and a particular lawyer ("Reiter") for sexual harassment. When Reiter moved to dismiss the claims against him, this court was squarely faced with the question of the Title VII liability of a lawyer in a law firm. The court's analysis in *Ruich* is equally applicable here.

Federal circuit courts are divided on the issue of individual liability under Title VII. *See Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989), *vacated in part*, 900 F.2d 27 (4th Cir.1990) (supervisor may be individually liable as "employer" under Title VII); *Jones v. Continental Corp.*, 789 F.2d 1225 (6th Cir. 1986) (same); *but see Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583 (9th Cir.1993) (agent not individually liable under Title VII and ADEA). The Seventh Circuit has not addressed the question of individual liability expressly, although it has upheld personal liability against supervisors in Title VII cases. *See, e.g., Gaddy v. Abex Corp.*, 884 F.2d 312, 318–19 (7th Cir.1989) (upholding personal liability for decision-making supervisor); *EEOC v. Vucitech*, 842 F.2d 936, 939–42 (7th Cir.1988) (same).

Judges in this district also are divided on the issue of supervisors' personal liability. In *Weiss v. Coca–Cola Bottling Co. of Chicago*, 772 F.Supp. 407 (N.D.Ill.1991), Judge Duff held that a supervisor could be liable only in his official capacity. In reaching his decision, Judge Duff relied on Title VII's damages scheme, which provides for remedies traditionally associated with an employer—*e.g.*, back-pay and reinstatement. *Weiss*, 772 F.Supp. at 411. In *Pommier v. James L. Edelstein Enterprises*, 816 F.Supp. 476 (N.D.Ill.1993), Judge Aspen relied on the definition of employer in Title VII, and followed *Weiss*, in holding that a supervisor is not an employer for the purposes of Title VII. *Pommier*, 816 F.Supp. at 480–81. These decisions recently were rejected by Chief Judge Moran in *Vakharia v. Swedish Covenant Hospital*, 824 F.Supp. 769 (N.D.Ill.1993). In *Vakharia*, Chief Judge Moran noted the holdings in *Weiss* and *Pommier*, and "respectfully disagree[d] with the conclusion." The Chief Judge found that personal liability of supervisors is necessary to serve the two

purposes of Title VII—to compensate victims of discrimination and to deter future discrimination. *Vakharia*, 824 F.Supp. at 785 (citing *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 417–18, 95 S.Ct. 2362, 2371–72, 45 L.Ed.2d 280 (1975)).

The situation presented in *Ruich* differed from the cases discussed above in an important respect. In *Ruich*, the supervisor who was being sued in his individual capacity was a partner in the law firm/employer. Reiter was not a mere supervisor who had decision-making capabilities. Rather, he was a member of the partnership that employed Ruich; he was Ruich's employer. Under Title VII, "the term 'employer' means a *person* engaged in an industry affecting commerce ... and any agent of such person." 42 U.S.C. § 2000e(b) (emphasis added). The courts that have ruled on personal liability under Title VII have considered whether the "agent" is liable as an "employer." *See, e.g., Pommier*, 816 F.Supp. at 480–81. In *Ruich*, this court held that Reiter was not an agent, but was the employer himself.

The conclusion that Reiter was Ruich's employer was bolstered by the Seventh Circuit's holding in *EEOC v. Dowd & Dowd, Ltd.*, 736 F.2d 1177, 1178–79 (7th Cir.1984). In the *Dowd & Dowd* case, the question was whether a law firm qualified as a Title VII employer that employed more than fifteen employees. In concluding that the law firm was not covered under Title VII because it employed fewer than fifteen workers, the Seventh Circuit held that shareholder attorneys in an incorporated law firm are not employees under Title VII, but are employers. *See also Burke v. Friedman*, 556 F.2d 867, 869 (7th Cir.1977) (partners in accounting firm are employers under Title VII).

■ This case presents even stronger reasons to hold that Walner is an employer under Title VII. Whereas Reiter was a partner in a law firm, Walner is really the *alter ego* of Walner & Associates. Walner & Associates consists only of Walner and a number of associates. *See* Resp., Exh. A, *Sullivan's Directory* excerpt. Walner & Associates is a professional corporation, not a partnership. There is no one else with authority and re-

**462**

sponsibility equal to Walner's. Basically, Walner *is* the firm.

As Walner himself notes, the ADA's definition of "employer" mirrors Title VII's. *See* 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5); *cf. Shager v. Upjohn Co.,* 913 F.2d 398, 404 (7th Cir.1990) (holding that a supervisor is an employer under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b); this definition of "employer" also tracks Title VII's). Thus, Walner is an employer under the ADA as well as Title VII and is subject to liability under both of these provisions.

### CONCLUSION

Defendant Harvey L. Walner's motion to dismiss Counts I, II and III is denied. Walner is directed to answer by November 16, 1993.