837 F.Supp. 312 (1993)
Constance A. HENRY, Plaintiff,
v.
E.G. & G. MISSOURI METALS SHAPING COMPANY, INC. et al., Defendants.
No. 4:93CV1206SNL.
United States District Court, E.D. Missouri, E.D.
November 19, 1993.
*313 Diedre W. Foster, Hapke and Hapke, Weldon Springs, MO, for plaintiff.
Thomas O. McCarthy, Partner, McMahon and Berger, St. Louis, MO, John E. Hilton, Partner, Carmody and MacDonald, St. Louis, MO, for defendants.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
Plaintiff has filed this two-count Title VII sexual harassment and retaliation case against both her corporate employer, E.G. & G. Missouri Metals Shaping Co., and her supervisor, Dennis Halbert. This matter is before the Court on defendant Halbert's motion to dismiss Counts I and II, or in the alternative, to strike claims for damages and injunctive relief (#13), filed July 20, 1993.[1] Responsive pleadings have been filed.
Only two of the grounds raised in Stone's motion to dismiss are applicable to defendant Halbert. These are: 1) the Court lacks personal jurisdiction because the plaintiff failed to name defendant Halbert, in his individual capacity, in her EEOC complaint, and therefore is precluded from naming him as a defendant in this Title VII action as an individual defendant; and 2) defendant Halbert is not liable under Title VII because he was only her supervisor, not her "employer" as defined by Title VII. Plaintiff responds that although she did not specifically name defendant Halbert in her EEOC complaint as a respondent, she did clearly state that he was the source of the harassment, and thus he was put on notice of the charge. She further responds that as her supervisor with the power to make employment decisions affecting her status, defendant Halbert was an "agent" of defendant E.G. & G. Missouri Metals Shaping, and thus an "employer" as defined by Title VII.
Generally, the aggrieved party must file a charge against a party with the EEOC before s/he can sue that party in court. Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir.1985). However, the courts have recognized an exception to this general rule that a defendant must first be named in an EEOC charge. This exception is commonly referred to as the "identity of interest" exception or where "substantial identity" exists between the parties before the EEOC and the court. Johnson v. Palma, 931 F.2d 203, 209 (2nd Cir.1991); Sedlacek, at 336. This exception permits a Title VII action to proceed *314 against a party not named in the EEOC charge where there is a clear identity of interest between the unnamed defendant and the party named in the EEOC charge. Johnson, at 209. Where the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in concilliation proceedings aimed at voluntary compliance, an action against that party may proceed in court. Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir.1985).
The Court has reviewed copies of both EEOC charges filed by the plaintiff that form the basis for the present litigation. She clearly names defendant Halbert as the source of the harassment and that she was later terminated from her employment because she complained of his harassment. Defendant Halbert has provided no evidence that he was unaware of her EEOC charges, or that she had specifically named him as the person harassing her in her EEOC charges. He does not provide any evidence that he was not given the opportunity to participate in any conciliation proceedings. Under these circumstances, the Court finds identity of interest between this defendant and the named party in the plaintiff's EEOC charges.
The next problem, though, is whether or not defendant Halbert is subject to the provisions of Title VII as the plaintiff's "employer". Defendant Halbert contends that he is not Henry's "employer" as that term is defined under Title VII, therefore, she cannot state a claim, pursuant to Title VII, against him in his individual capacity.
Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person...." 42 U.S.C. § 2000e(b). The term "person" is defined as including "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).
The federal courts are divided on the issue of personal liability, especially with regard to supervisors, under Title VII. Some courts have held supervisors individually liable under Title VII as "agents" of the employer. See, Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir.1989), vacated in part, 900 F.2d 27 (4th Cir.1990); Jones v. Continental Corp., 789 F.2d 1225 (6th Cir.1986); Janopoulos v. Walner & Associates, 835 F.Supp. 459 (N.D.Ill.1993); Raiser v. O'Shaughnessy, 830 F.Supp. 1134 (N.D.Ill.1993); Vakharia v. Swedish Covenant Hospital, 824 F.Supp. 769 (N.D.Ill.1993); Sandoval v. Pagano, 763 F.Supp. 1087 (D.Col.1991). Other courts have found that a supervisor is not an "agent" of the corporate employer and thus may not be held personally liable under Title VII. See, Miller v. Maxwell's International, 991 F.2d 583 (9th Cir.1993); Pommier v. Edelstein, 816 F.Supp. 476 (N.D.Ill.1993); Weiss v. Coca-Cola Bottling Company of Chicago, 772 F.Supp. 407 (N.D.Ill.1991); Robinson v. Jacksonville Shipyards, 760 F.Supp. 1486 (M.D.Fla.1991); Davis v. State Dept. of Health, 744 F.Supp. 756 (S.D.Miss. 1990); Bradley v. Consolidated Edison Co. of New York, Inc., 657 F.Supp. 197 (S.D.N.Y. 1987).
The plaintiff concedes and the Court confirms that it has been unable to locate any decisions within this district or the Eight Circuit Court of Appeals which addresses the issue of supervisors' personal liability under Title VII, especially in light of the Civil Rights Act of 1991. Although this Court is impressed with those cases which hold that liability, under Title VII, may extend to those individuals, who although are not the plaintiff's "employer", still possess a certain degree of control with regard to employment opportunities; it does not feel that it can follow the holdings of these courts without clear direction from its sister courts or the appellate court. At the present time, this Court is unwilling to distinguish between personal and official liability, and extend liability under Title VII to a supervising employee in his/her individual capacity. Consequently, the Court finds that the plaintiff has failed to state a claim upon which relief can be granted against defendant Halbert.
*315 Accordingly,
IT IS HEREBY ORDERED that defendant Halbert's motion to dismiss (# 13), filed July 20, 1993 be and is GRANTED.
IT IS FINALLY ORDERED that defendant Halbert's motion to strike claims for damages and injunctive relief (# 13), filed July 20, 1993 be and is DENIED as moot.
NOTES
[1] Actually, defendant Halbert's motion simply adopts (former) defendant Stone's motion to dismiss, filed July 12, 1993. The Court ruled upon Stone's motion on August 19, 1993.