865 F.Supp. 595 (1994)
Barbara Jean SEALS, Plaintiff,
v.
STATE OF MISSOURI, DIVISION OF YOUTH SERVICES, et al., Defendants.
No. 4:93CV01659 GFG.
United States District Court, E.D. Missouri, Eastern Division.
September 30, 1994.
Barbara Jean Seals, pro se.
Deborah Bell Yates, Asst. Atty. Gen., St. Louis, MO, for defendants.

*596 MEMORANDUM

GUNN, District Judge.
This matter is before the Court on defendant Marci Barren's motion to dismiss converted by the Court to a motion for summary judgment in the Order of May 10, 1994.
Defendant moves for judgment on plaintiff's claims against her in her individual capacity under Title VII, 42 U.S.C. § 2000e alleging age discrimination against the Division of Youth Services.
Defendant asserts that plaintiff's claims under the aforementioned statute should be dismissed because plaintiff failed to name her in the charges filed with the Missouri Commission on Human Rights or the Equal Employment Opportunity Commission. Defendant contends that in the absence of notice of the charge filed, defendant cannot be sued.
The Court concludes that plaintiff's claims against defendant Barren shall be dismissed inasmuch as Title VII does not provide for individual personal liability. Although the Eighth Circuit has not as yet addressed this issue, at least two district courts within the circuit have addressed the issue and found persuasive the reasoning set forth by the Ninth Circuit in Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir.1993), cert. denied sub nom., Miller v. La Rosa, ___ U.S. ___, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994) (refusing to find individual supervisors personally liable under Title VII, 42 U.S.C. § 1981a and ADEA). See Henry v. E.G. & G. Missouri Metals Shaping Co., 837 F.Supp. 312, 314 (E.D.Mo.1993) (refusing to extend personal liability under Title VII to supervisory employees); see also Stafford v. State, 835 F.Supp. 1136, 1148-49 (W.D.Mo. 1993) (dismissing Title VII and Missouri Human Rights Act (MHRA) claims against supervisory employees in their individual capacities). Accordingly, defendant's motion will be granted as to plaintiff's Title VII claims and any MHRA claims against defendant Barren in her individual capacity. See Stafford v. State, 835 F.Supp. at 1148-49 (dismissing MHRA claims against supervisory employees in their individual capacities).