**Dolores HARRIS, Plaintiff,**

v.

**CITY OF HARVEY, an Illinois Municipal Corporation, Charles H. Givines, and James Harper, Defendants.**

**No. 96 C 3737.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 30, 1998.

---

David Carl Thomas, Chicago, IL, Edward Ted Stein, Michael J. Zarski, Karen E. Tamburro, Law Offices of Edward T. Stein, Chicago, IL, for Dolores Harris.

John A. Hiskes, Timothy Charles Lapp, Buikema, Hiskes, Dillner, O'Donnell & Marovich Ltd., South Holland, IL, for City of Harvey.

John A. Hiskes, Timothy Charles Lapp, Buikema, Hiskes, Dillner, O'Donnell & Marovich Ltd., South Holland, IL, Kevin Brian Duckworth, Anthony L. Schumann, Karen C. Wallace, Ronetta Noella Lewis, Duckworth & Schumann, P.C., Chicago, IL, for Charles H. Givines.

John A. Hiskes, Timothy Charles Lapp, Buikema, Hiskes, Dillner, O'Donnell & Marovich Ltd., South Holland, IL, Ronald Kawanna, Jr., Edward A. Antonietti, Lawrence P. Gulotta, Gulotta & Kawanna, Calumet City, IL, for James Harper.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Pending are summary judgment motions by Defendants Charles H. Givines ("Givines") and James Harper ("Harper"). For the reasons set forth below, this Court grants the motions.

## BACKGROUND

In this suit, Plaintiff sues Defendant City of Harvey (the "City") for sex discrimination and violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1).[1] Plaintiff further sues Defendants Givines, the Superintendent of the Department of Streets for the City, and Harper,

1. Plaintiff has abandoned its § 1981 race discrimination claim against the City. The City has filed a motion for summary judgment on Plaintiff's remaining claims which is not the subject of this opinion.

2. Plaintiff originally additionally sued Defendants Givines and Harper for sex and race discrimination but has since: (1) conceded that the holding of *Williams v. Banning,* 72 F.3d 552 (7th Cir.1995) requires this court to dismiss her sex discrimination claim against Defendants Givines and Harper in their individual capacities; and (2) abandoned her race discrimination claim.

3. Although, in *Riordan v. Kempiners,* 831 F.2d 690, 694 (7th Cir.1987), the Seventh Circuit has

Plaintiff's direct supervisor and foreman of the street department crews for the City, under the Equal Pay Act.[2]

The Equal Pay Act prohibits employers from paying similarly situated employees differently on the basis of their gender. Givines and Harper have moved for summary judgment on Plaintiff's Equal Pay Act claims against them, asserting that they may not be held individually liable on the claim. In response, Plaintiff argues that Givines and Harper may be held individually liable on the Equal Pay Act claim.

## ANALYSIS

Although the Seventh Circuit has not addressed the specific question at issue here,[3] a number of district courts analyzing the Equal Pay Act's definition of employer, including the most recent decisions, have concluded that actions an individual took as the agent of an employer cannot result in individual liability. *See, e.g., Anderson v. Aurora Township,* No. 97 C 2477, 1997 WL 769461 at *2 (N.D.Ill.Dec.9, 1997); *Varner v. Illinois State Univ.,* 972 F.Supp. 458, 463–64 (C.D.Ill. 1997); *Pommier v. James L. Edelstein Enterps.,* 816 F.Supp. 476, 481 (N.D.Ill.1993).[4] Though stated in different ways, these courts have held that the Equal Pay Act, in essence, is a blood sibling of, and conceptually interfaces with, the employment discrimination statutes (namely, Title VII, the Americans with Disabilities Act (the "ADA") and the Age Discrimination in Employment Act (the "ADEA")), rather than of the Fair Labor Standards Act which it was physically added to.

suggested that an individual employee may be named *in lieu* of the employer in an Equal Pay Act claim, the Seventh Circuit did not "decide the precise issue of whether an individual employee may be named *in addition to* the employing entity[.]" *Varner v. Illinois State Univ.,* 972 F.Supp. 458, 463 (C.D.Ill.1997) (Emphasis added.)

4. *But see, e.g., Mirza v. Department of the Treasury,* No. 93 C 3122, 1994 WL 30551, at *3 (N.D.Ill. Feb.3, 1994); *Chawla v. Klapper,* No. 89 C 538, 1992 WL 67833, at *1 (N.D.Ill. March 24, 1992).

These district courts thus have rejected personal liability to supervisors under the Equal Pay Act, as the Seventh Circuit has uniformly determined that the above recited discrimination statutes do not permit suits against supervisors in their individual capacity. *See, e.g., Williams v. Banning,* 72 F.3d 552, 553–54 (7th Cir.1995) (holding that a supervisor is not individually liable for violations of Title VII); *United States EEOC v. AIC Security Investigations, Inc.,* 55 F.3d 1276, 1279–81 (7th Cir.1995) (holding that there is no individual supervisor liability under the ADA or the ADEA).

Accordingly, the court finds that the Equal Pay Act does not allow for suits against defendants in their individual capacity. Summary judgment must therefore be granted in favor of Givines and Harper.[5]

## CONCLUSION

For the foregoing reasons, the summary judgment motions of Defendants Charles H. Givines and James Harper are granted, and Plaintiff's Equal Pay Act claims against Givines and Harper are dismissed with prejudice.

---

**5.** Givines and Harper also argued that the Equal Pay Act claim against them should be considered brought against them in their "official capacity" because Plaintiff's complaint failed to explicitly designate in the case caption the nature of her claim against them through the utilization of the terms "official capacity" or "individual capacity." Givines and Harper argue that the rebuttable presumption which the Seventh Circuit has applied to § 1983 cases that a suit against an official is an "official capacity" suit unless explicitly noted in the caption, *see Kolar v. County of Sangamon,* 756 F.2d 564, 568 (7th Cir.1985), should equally apply with respect to Equal Pay Act claims. Because this court has resolved this issue on other grounds, it is not necessary to address this argument.

In view of the court's ruling, it is also unnecessary to reach Harper's and Givines' arguments that they are entitled to summary judgment even under Plaintiff's definitional interpretation of "employer" under the Fair Labor Standards Act.