George L. CARNAGE, Jr.

v.

Keith SANBORN, State Attorney of Wichita, Kansas.

Civ. A. No. 12045.

United States District Court
N. D. Georgia.
Atlanta Division.
June 13, 1969.

George L. Carnage, Jr., pro se.

ORDER

EDENFIELD, District Judge.

Petitioner's action in the nature of mandamus was allowed filed in forma pauperis and the petition was denied on August 22, 1968. The case was appealed

to the Court of Appeals for the Fifth Circuit and is now before the district court after being remanded for reconsideration in light of the Supreme Court's decision in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), and the Fifth Circuit's decision in May v. Georgia, 409 F.2d 203 (5th Cir. 1969).

The petition alleges that respondent, the State Attorney of Wichita, Kansas, has refused petitioner's repeated requests that he be brought to trial on charges which have been pending against him in the State of Kansas since 1966. Petitioner contends that he is therefore being denied a speedy trial and he asks this court to issue an order requiring defendant to show cause "as to why petitioner has been denied his constitutional right to a fair and speedy trial." Although there is no specific prayer for relief, it appears that petitioner seeks the writ of mandamus to compel defendant to bring him to trial.

■ The petition does not include any allegation as to the basis upon which this court has jurisdiction to entertain the instant action, nor does it allege facts from which jurisdiction could arise. The All-Writ Statute, 28 U.S.C. § 1651, is of no help to petitioner for it is not a jurisdictional statute; it merely provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions." Clearly, then, the court is authorized thereby to issue appropriate writs only in those actions over which it already has jurisdiction. Furthermore, even though the Mandamus and Venue Act of 1962 (28 U.S.C. § 1361) *is* a jurisdictional statute, giving the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [petitioner]," it is not applicable to the instant case for the defendant here is a state rather than a federal employee.

■■ The district courts are courts of limited jurisdiction; they have only such jurisdiction as has been specifically conferred upon them by Congress. Unless petitioner can bring himself within the provisions of a jurisdictional statute the court is without power to entertain his action. The court notes also that even if jurisdiction over the subject matter could be established it would still not be possible for the court to render a valid judgment in personam against a defendant, such as this defendant, over whom it does not have personal jurisdiction.

■ For the reasons stated above, the court concludes that this petition must be dismissed for lack of jurisdiction. However, in view of the Fifth Circuit's direction on remand the court notes that Smith v. Hooey, supra, would be of no help to petitioner in the present action even without the jurisdictional problem. In Smith v. Hooey the Supreme Court merely held that the State's duty to make a diligent good-faith effort to bring an accused to trial without unreasonable delay [1] exists even though the accused is in federal custody. It does not appear that an accused's rights are violated unless and until the petitioner has been prejudiced in some manner as a result of the state delaying unreasonably after trial has been demanded.

Petitioner in the instant case has made no allegation that he is being penalized in any manner by Kansas' alleged delay. If he were being subjected to penalties at the Atlanta penitentiary because of the state detainer against him, it would be possible for him to bring suit under 28 U.S.C. § 1361 to require the federal prison employees to remove the detainer insofar as any federal effects are concerned, provided of course that he could

1. As recognized in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L. Ed.2d 1 (1967).

Under that decision the constitutional violation is found in the unlawful conviction, or possibly in other penalties imposed because of the state's delay.

show that the State had delayed unreasonably.[2] (But that, of course, would have no effect upon the validity of the underlying indictment.)

Further, assuming that the delay is unreasonable and that petitioner is prejudiced by the delay, any subsequent conviction on the charges in question would be subject to attack in federal court on constitutional grounds.

If petitioner seeks to force the State of Kansas to bring him to trial he must resort to the courts of that State, utilizing whatever procedures are provided under Kansas law to force those responsible either to prosecute or to dismiss the charges.

The petition for writ of mandamus shall be dismissed for lack of jurisdiction, without prejudice to petitioner's bringing an appropriate action to remove federal disabilities resulting from the detainer if the State delays for an unreasonable length of time following Smith v. Hooey, supra, and without prejudice to his further rights in an appropriate federal court (in Kansas) if a later conviction is made illegal by a denial of his right to speedy trial.

Accordingly, the petition is dismissed.

---

2. The court notes, too, that until Smith v. Hooey the states did not have notice that the duty described therein existed. It therefore appears that the State must be allowed a reasonable time within which to act after the date of that decision (January 20, 1969).