**Deana YEAGER, Plaintiff,**

**v.**

**NORWEST MULTIFAMILY, INC., et al., Defendants.**

Civ. A. No. CV–94–A–277–S.

United States District Court, M.D. Alabama, Southern Division.

Sept. 27, 1994.

William C. Maddox, Dothan, AL, for plaintiff.

William F. Gardner, William K. Thomas, Birmingham, AL, James W. Parkman, III, Dothan, AL, for defendants.

### *MEMORANDUM OPINION*

ALBRITTON, District Judge.

Pending before the court are defendants' motions to dismiss the claims against defendant Norwest Multifamily, Inc. and Defendant Bill McSween.

On behalf of defendant Norwest Multifamily, Inc. (hereinafter "Norwest"), Crop Hail Management moves the court to dismiss the complaint, to the extent it is addressed to Norwest, for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Defendant Bill McSween also moves the court to dismiss any claims against him for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

### *STATEMENT OF FACTS AND PROCEDURAL HISTORY*

Plaintiff Deana Yeager was employed by defendant Crop Hail Management (Compl. ¶ 4). On June 22, 1993 she filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and retaliation. The only respondent named in the charge was Crop Hail Management. (Ex. A, Def. McSween's Mot. to Dismiss).

On March 7, 1994, plaintiff filed the complaint, naming Crop Hail Management, Norwest, and Bill McSween as defendants. The complaint bases subject matter jurisdiction upon Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (42 U.S.C. § 2000e *et seq.* & 42 U.S.C. § 1981(a). (Compl. ¶ 1–2).

The complaint contains three counts. Count I, based on Title VII [1], alleges sex-based discrimination and sexual harassment by McSween, the Regional Vice–President for Crop Hail Management in Dothan, Alabama. Count II, based on Title VII [2], alleges that the defendants retaliated against the Plaintiff for complaining about the alleged harassment. Count III seeks redress for assault and battery under the laws of the State of Alabama. Count III alleges that McSween subjected plaintiff to unwanted touching and that Crop Hail Management ratified and/or authorized such conduct.

### *STANDARD OF REVIEW*

Federal district courts are empowered to hear cases only by express congressional grants of jurisdiction. Therefore, to invoke the jurisdiction of such courts, a complaint must affirmatively and distinctly allege the statutory basis for the jurisdiction. 1 *Moore's Federal Practice* ¶ 0.60[3] (2d ed. 1989); *See, Kirkland Masonry, Inc. v. Commissioner,* 614 F.2d 532, 533 (5th Cir.1980) (per curiam); *Carnage v. Sanborn,* 304 F.Supp. 857, 858 (N.D.Ga.1969). If a complaint fails to state grounds for subject matter jurisdiction the court may dismiss the claim for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). In deciding whether it has subject matter jurisdiction, the court

---

1. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3 *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

may consider evidence as well as the pleadings. *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir.1991).

■ A court may dismiss a complaint for failure to state a claim upon which relief may be granted, under Rule 12(b)(6) of the Fed. R.Civ.P., only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). A court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232; *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 2905–06, 106 L.Ed.2d 195 (1989); *see also Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171 (11th Cir.1993). Moreover, the threshold that a complaint must meet to survive a motion to dismiss for failure to state a claim upon which relief can be granted is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

### DISCUSSION OF NORWEST'S MOTION TO DISMISS

■ The motion to dismiss all claims against defendant Norwest is due to be granted. Norwest does not presently exist, nor did it exist at the time the events alleged in the complaint occurred. Norwest was dissolved on August 14, 1987 and is now defunct. (Arneson Aff. ¶ 2(a)).

Even if Norwest did exist at the time in which the allegations in the complaint took place, plaintiff Deana Yeager was never employed by Norwest. (Arneson Aff. ¶ 2(a)). In *Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir.1994), the Fifth Circuit held that individuals who do not otherwise qualify as "employers" cannot be held liable under Title VII. *See also Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (where the

"proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."). Additionally, Crop Hail Management, plaintiff's employer, is not and never has been a subsidiary of Norwest. (Arneson Aff. ¶ 2(b)). Therefore, Norwest is not a proper defendant in this action.

The plaintiff apparently agrees that Norwest is not a proper party since she has filed no objection to the motion to dismiss after being given an opportunity to do so.

Because Crop Hail Management has never been a subsidiary of Norwest, and Norwest dissolved approximately six years before this action was filed, the claims against Norwest should be dismissed. Consequently, the unopposed motion to dismiss Norwest is due to be granted as to all three counts pursuant to Fed.R.Civ.P. 12(b)(6).

### DISCUSSION OF MCSWEEN'S MOTION TO DISMISS

#### Title VII Claims

■ All Title VII claims brought against Defendant McSween in his individual capacity should be dismissed. In *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991), the Eleventh Circuit held that individual capacity suits are "inappropriate" under Title VII. *See Smith v. Capital City Club of Montgomery* 850 F.Supp. 976 (M.D.Ala. 1994); *see also Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir.1994) (holding that individuals who do not otherwise qualify as "employers" cannot be held individually liable under Title VII). In *Busby,* the court stated that:

> The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act. *See Clanton v. Orleans Parish School Bd.,* 649 F.2d 1084, 1099 & n. 19 (5th Cir.1981); *see also* 42 U.S.C. § 2000e(b) (1988) (definition of 'employer'); 42 U.S.C. § 2000e–2 (1988) (violation for 'employer' to discriminate); 42 U.S.C. § 2000e–5(g) (1988) (relief for violation of § 2000e–2). We think the proper method for a plaintiff to recover under

Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

931 F.2d at 772.

Because McSween is not an employer within the definition of Title VII, he cannot be held individually liable under the Title VII claim. Under Title VII, an "employer" includes any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks." 42 U.S.C. § 2000e–2. Since McSween is not an employer and cannot be sued in his individual capacity under *Busby,* the Title VII claims against McSween individually are due to be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

### State Law Claim

■ The only cause of action against McSween surviving the dismissal of all Title VII claims against him is the state law claim for assault and battery. Having dismissed the Title VII claims against him, no federal claims remain against McSween, and he contends that the court has no jurisdiction to hear the state law claim. The court, however, after considering whether it should exercise supplemental jurisdiction over the state law claim, agrees that it should do so.

■ Before the Judicial Improvements Act of 1990, Pub.L. No. 101–650, 104 Stat. 5089, federal courts were reluctant to use pendent party jurisdiction to hear claims that lacked an independent basis for federal jurisdiction. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). Under the terms of the Act, however, courts must employ supplemental jurisdiction unless there is a specific exception. 28 U.S.C. § 1367(a). *See Practice Commentary,* by David D. Siegel, following 28 U.S.C.A. § 1367. *See also* Erwin Chermerinsky, *Federal Jurisdiction* § 5.4 52 (Supp.1992); *Wiggins v. Philip Morris, Inc.,* 853 F.Supp. 458, 469 (D.D.C.,1994).

Section 1367(a) confers supplemental jurisdiction in mandatory terms, providing that:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.* (Emphasis added)

28 U.S.C. § 1367(a) (1993). The last sentence was specifically intended to change the law of the *Aldinger* and *Finley* cases. See, Siegel, *Practice Commentary,* " 'Pendent Party' Jurisdiction", H.R.Rep. No. 734, 101st Cong., 2nd Session, 27–30, *reprinted in* 1990 U.S.Code, Cong. & Admin.News 6802, 6873–76; *Alexander by Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1221, n. 8 (M.D.Ala., 1991).

The state law claim of assault and battery against McSween clearly fits the language of § 1367(a). The alleged acts of assault and battery committed by McSween are bases for the Title VII claim against his employer, "part of the same case or controversy."

Although the statute expresses supplemental jurisdiction in obligatory language, subdivision (c) gives the court discretion to decline to exercise the supplemental jurisdiction in various circumstances. 28 U.S.C. § 1367(c) (1993); *see also* H.R.Rep. No. 734, 101st Cong., 2d Sess. 29, *reprinted in* 1990 U.S.C.C.A.N. 6802, 6875 (stating that district court may decline jurisdiction over a supplemental claim even though it is empowered to hear it).

Section 1367(c) provides that:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

(1) the claim raises a novel or complex issue of state law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction;

(4) in exceptional circumstances, where there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (1993).

None of the reasons which would authorize the court to decline to exercise supplemental jurisdiction exist in this case. A claim of assault and battery raises no novel or complex issue of state law. Neither will that claim substantially predominate over the Title VII claim against McSween's employer. While the district court has dismissed all federal claims against McSween, it has not dismissed all claims over which it had original jurisdiction. The Title VII claim against Crop Hail Management remains. Finally, the court finds no exceptional circumstances where there are other compelling reasons for declining jurisdiction. To the contrary, the court finds it clearly to be in the interest of judicial economy, and without substantial prejudice to either of the defendants, for the claims against Crop Hail Management and McSween to be tried at the same time, rather than in separate actions in different courts. Since the plaintiff cannot bring her Title VII claim in state court, a single trial would have to be held here.

A similar situation was confronted by the district court of the District of Columbia in *Wiggins v. Philip Morris, Inc.*, 853 F.Supp. 458 (D.D.C., 1994). There, the court denied a motion to dismiss state law claims for conspiracy and tortuous interference with contract against an employee's supervisor although all federal claims against the supervisor had been dismissed, where federal claims under Title VII remained against the employer. There, as here, the state law claims against the individual arose from essentially the same conduct alleged in the discrimination claim against the employer, and was " 'so related' to the other federal claims in the complaint that they 'form part of the same case or controversy.' " Although recognizing his discretion to decline jurisdiction, the court decided to exercise supplemental jurisdiction over what prior to 1990 would have been referred to as a "pendent party".

It appears to the court that a case such as this is a good example of what Congress had in mind in expanding federal supplemental jurisdiction. Although McSween's alleged conduct did not give the plaintiff a federal claim against him individually, it gave rise to a federal claim against his employer which is now before the court. Jurisdiction exists over McSween on the state law claim against him, since it is so related as to form a part of the same case or controversy as the plaintiff's Title VII claim against Crop Hail Management, and the court will not decline to exercise it.

## CONCLUSION

For the reasons stated, the motion to dismiss all claims against Norwest Multifamily, Inc. will be granted, the motion to dismiss plaintiff's Title VII claim against McSween will be granted, and the motion to dismiss plaintiff's state law claim against McSween will be denied. The case will proceed on the Title VII claim against Crop Hail Management and the assault and battery claim against McSween.

A separate order will be entered in accordance with this memorandum opinion.

## *ORDER*

Pursuant to the memorandum opinion entered on this date, it is hereby ORDERED as follows:

1. The motion to dismiss Norwest Multifamily, Inc. is GRANTED, and that defendant is DISMISSED from this suit.

2. Defendant Bill McSween's motion to dismiss is GRANTED as to Counts I and II, being the Title VII claims, and is DENIED as to Count III, the state law claim for assault and battery.