Mehmet S. **BAHADIRLI**, Plaintiff,

v.

**DOMINO'S PIZZA, et al., Defendants.**

No. CV–94–A–667–S.

United States District Court,
M.D. Alabama,
Southern Division.

Jan. 26, 1995.

Kenneth Coy Sheets, Jr., Dothan, AL, for plaintiff.

William C. Carn, III, William Lovard Lee, III, Lee & McInish, Dothan, AL, for Domino's Pizza, Inc.

Thomas Allen Stewart, Legal Services Corporation of Alabama, Dothan, AL, for Tom Reams.

Edward M. Price, Jr., Farmer, Price, Hornsby & Weatherford, Dothan, AL, for Willie B. Clark, Jr., Clarkfinn Pizza, Inc.

## *MEMORANDUM OPINION*

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on several motions. Defendant Domino's Pizza, Inc. ("Domino's") filed a Motion for Summary Judgment on July 5, 1994. Defendant Thomas Reams ("Reams") also filed a Motion for Summary Judgment, on December 15, 1994. Defendants Clarkfinn Pizza, Inc. ("Clarkfinn") and Willie B. Clark, Jr. ("Clark") filed separate Motions to Dismiss the Complaint on September 6, 1994.

The plaintiff in this action brought suit on May 31, 1994, alleging violations of 42 U.S.C. § 2000e, *et seq.*, commonly referred to as Title VII of the Civil Rights Act of 1964, as amended, as well as a state law claim for the Tort of Outrage.[1]

Plaintiff initially brought suit against the defendant Domino's as well as Reams, who was at one point the manager of the Westgate Parkway Domino's Franchise ("Westgate Parkway store" or "store"). The Westgate Parkway store is the location where the violations allegedly occurred. Plaintiff amended his complaint on August 3, 1994, and stated a cause of action against Clarkfinn, the corporate entity that owns and operates the Westgate Parkway store as well as Clark, the majority owner and president of Clarkfinn.

For the reasons discussed below, the court finds that Defendant Clark's Motion to Dismiss is due to be GRANTED; Defendant Clarkfinn's Motion to Dismiss is due to be DENIED; Defendant Domino's Motion for Summary Judgment is due to be GRANTED; Defendant Reams' Motion for Summary Judgment as to the Title VII claims against him is due to be GRANTED; and the State Law claim against Defendant Reams is due to be DISMISSED, without prejudice.

---

1. The tort is more properly referred to as "outrageous conduct," but the court will accept the widely used term "Tort of Outrage" which has been chosen by the plaintiff.

## II. FACTS

On April 12, 1993, Mehmet Bahadirli sought employment as a pizza delivery person at the Westgate Parkway store, a Domino's Pizza franchise in Dothan, Alabama. According to the plaintiff, he visited the store, was told that he was well qualified for the position, but he never received word regarding the job. The plaintiff alleges that on his return to the store around April 25, 1993, he was told that he would not receive the position. According to the plaintiff, in the interim four other individuals were hired at the Westgate Parkway store.

Clarkfinn asserts that plaintiff returned to the store after approximately one month from his initial visit to inquire as to the status of his application. According to Clarkfinn, plaintiff was told that the application had been misfiled, that the Westgate Parkway store did not have any openings, but perhaps another location in Dothan did. Defendants allege that they contacted another store and that plaintiff said that he would pick up an application there.

Bahadirli contends that on learning he would not be hired, he went directly home and asked his wife to call the shop and inquire about employment. Plaintiff alleges that his wife was offered a position over the phone.

## III. MOTION TO DISMISS STANDARD

■ A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967

(11th Cir.1986) (citation omitted) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232. Moreover, the court is aware that the threshold that a complaint must meet to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

## IV. ANALYSIS—Clark & Clarkfinn

As stated above, both Clark and Clarkfinn have filed Motions to Dismiss. Clarkfinn is the corporate entity that owns the Domino's Pizza franchise at issue here. Mr. Clark owns 75% of Clarkfinn's stock and serves as the corporation's president.

### A. CLARK

It is unclear whether plaintiff seeks to name Defendant Clark in only his official capacity, or in both his official and individual capacity. Accordingly, the court will address both issues.

■ Until very recently, Eleventh Circuit law was clear in holding that Title VII suits brought against a person in his individual capacity were "inappropriate." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991). Although a recent panel held to the contrary, *Busby* remains the law in this Circuit unless and until the issue is resolved otherwise *en banc*.[2] Accordingly, Clark may not be sued in his individual capacity.

---

**2.** The issue of whether a plaintiff can maintain a suit under Title VII against an individual has caused a split in the federal circuits. Some courts have determined that individuals may be sued in their individual capacity. *See, e.g., Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989), vacated in part on other grounds, 900 F.2d 27 (4th Cir.1990); *Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir.1986). An argument can be made that this reasoning has been strengthened by the 1991 amendments to Title VII which allowed plaintiffs to recover punitive damages. *See, e.g., Jendusa v. Cancer Treatment Centers of America, Inc.*, 868 F.Supp.

1006 (N.D.Ill.1994). However, other courts have held that the amendments did not alter past law, and that suits against individuals are not permitted. *See, e.g., Busby*, 931 F.2d at 772; *Garcia v. Elf Atochem North America*, 28 F.3d 446, 451 n. 2 (5th Cir.1994); *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir.1991); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993).

The law in the Eleventh Circuit has been clear since *Busby*. Employee/agents may not be sued in their individual capacity under Title VII. *See Busby*, 931 F.2d at 772 ("Individual capacity

As for the suit against Clark in his official capacity, according to the Eleventh Circuit, a suit under Title VII brought against an employee as agent of the employer is regarded as a suit against the employer itself. *Busby,* 931 F.2d at 772. *See also, Saville v. Houston County Healthcare Auth.,* 852 F.Supp. 1512, 1522 (M.D.Ala.1994). As president of the corporation, Clark is an employee/agent of the employer. In this case, the employer, Clarkfinn, has been properly named as a defendant. Accordingly, to proceed against Clark in his official capacity would be redundant. Therefore, all Title VII claims against Clark in his official capacity are due to be dismissed as well.

## B. *Clarkfinn*

### 1. *Relation Back of Amendments*

Clarkfinn has moved for dismissal based on the plaintiff's failure to name it in a complaint within 90 days from plaintiff's receipt of a right to sue letter from the EEOC.[3] Bahadirli filed a complaint with the EEOC for discrimination on July 26, 1993, naming Domino's Pizza and Thomas Reams, an employee of the Westgate Parkway store as defendants. Clarkfinn Pizza responded to this charge on September 1, 1993. Clarkfinn therefore had notice of the EEOC complaint.

Following his receipt of the right to sue letter on March 3, 1994, Bahadirli brought suit in federal court, again naming Domino's and Reams as defendants. On August 3, 1994, plaintiff amended his complaint to add Clarkfinn to the suit.

By amending the complaint, plaintiff triggered the "relation back" rule in Rule 15 of the Federal Rules of Civil Procedure. Under this rule,

"An amendment changing the party against whom a claim is asserted relates back if . . . within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Rule 15(c), F.R.Civ.P.

The court finds that Clarkfinn had knowledge of the action within the required time period and either knew or should have known that it was the proper party to that action.

As stated previously, it is clear that Clarkfinn knew that Bahadirli had filed a complaint with the EEOC. Because Reams was being sued in his official capacity, and service was effected at the Westgate Parkway store itself, notice to Reams was in this case notice to Clarkfinn. The same holds true for the lawsuit filed by Bahadirli. As stated above, Reams was being sued in his official capacity as agent of the employer, which is regarded as a suit against the employer. *See* discussion *supra* and *infra.* Accordingly, by naming Reams in his official capacity, Bahadirli effectively notified Clarkfinn of the suit. Clarkfinn responded to the EEOC charge when identical defendants had been named by the plaintiff. It therefore obviously knew that it was the proper defendant. In any event, Clarkfinn would have had to defend against this case as brought against Reams as supervisor.

Therefore, because the defendant knew of the suit, and would essentially have been a

---

suits under Title VII are . . . inappropriate."); *see also, Yeager v. Norwest Multifamily, Inc.,* 865 F.Supp. 768, 770 (M.D.Ala.1994).

However, as noted above, an Eleventh Circuit panel recently published an opinion that appears to endorse the view that an employee who is determined to be an agent of the employer under Title VII may be sued in his individual capacity. *Cross v. Alabama,* 1994 WL 424303, *13–14 (11th Cir.1994).

The court notes, though that the law in the circuit is that, "Where circuit authority is in conflict, the earliest panel opinion resolving the

issue in question binds this circuit until the court resolves the issue en banc." *Clark v. Housing Auth. of Alma,* 971 F.2d 723, 726, n. 4 (11th Cir.1992). *See also, U.S. v. Dailey,* 24 F.3d 1323, 1327 (11th Cir.1994); *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). Therefore, *Busby* controls until the circuit resolves the matter *en banc.*

**3.** The court notes that Clarkfinn did not deem it necessary to file a brief in support of this motion, nor did they respond to the reply filed by the plaintiff.

party regardless of the amendment, there is no chance of prejudice to Clarkfinn in allowing the August 3, 1994, amendment to relate back to the original complaint. Accordingly, based on Rule 15(c), the complaint against Clarkfinn is timely.

### 2. Prima Facie Case Under Title VII

In order to establish a prima facie case of discrimination in the context of failure to hire based on national origin, the plaintiff must satisfy several factors. These are, that plaintiff is of different national origin; that plaintiff applied for a position, and was qualified for that position; that the plaintiff was rejected for the position, despite his qualifications; and that the defendant continued to accept applications for the position following the rejection of the plaintiff. *See, e.g., Turnes v. AmSouth,* 36 F.3d 1057, 1061 (11th Cir.1994), *Jones v. Firestone Tire and Rubber Co., Inc.,* 977 F.2d 527, 536 (11th Cir.1992) cert. denied —— U.S. ——, 113 S.Ct. 2932, 124 L.Ed.2d 682 (1993). If the plaintiff can set forth these factors, then the burden shifts to the defendant to articulate some other non-discriminatory reason for the defendant's employment decision. *Turnes,* 36 F.3d at 1061.

Plaintiff has established a prima facie case. It is not disputed that plaintiff is of different national origin. Nor is there a question as to whether he was qualified for the position. Finally, the plaintiff has alleged, and has supported that allegation through an affidavit, that following his rejection for the position, the employer continued to seek applicants. Plaintiff has alleged that sometime in the sequence of events at least four other people where hired at the Westgate Parkway store.

In this case, the defendant has come forward with a non-discriminatory reason for its failure to hire plaintiff. The defendant stated that the plaintiff's application was misplaced, and that the defendant had no positions available when the plaintiff applied. Merely articulating a non-discriminatory reason behind the decision serves to shift the burden back to the plaintiff, who must provide the court with some evidence that tends to rebut the defendant's articulat-

ed reason. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

Plaintiff has met this burden as well. According to Bahadirli, after being told that there were no positions available, he had his wife telephone the store to seek employment. Plaintiff avers that when she did so, she was offered a job without even an interview. Such allegations, if true, would serve to rebut defendant's proffered legitimate reason for not hiring Bahadirli.

### 3. Mitigation of Damages

Clarkfinn also argues that the plaintiff's claim should be dismissed because plaintiff failed to mitigate his damages. It is true that a Title VII plaintiff has a duty to mitigate damages. *Ford Motor Co. v. EEOC,* 458 U.S. 219, 231, 102 S.Ct. 3057, 3065, 73 L.Ed.2d 721 (1982); *see also, Stanfield v. Answering Service,* 867 F.2d 1290, 1295 (11th Cir.1989). According to the Supreme Court, where a Title VII defendant unconditionally offers the plaintiff the position she previously applied for, doing so immediately cuts off liability for back pay from the date of the offer. *Ford,* 458 U.S. at 231–232, 102 S.Ct. at 3065–66. This rule is designed to "encourage Title VII defendants promptly to make curative, unconditional job offers to Title VII claimants, thereby bringing defendants into 'voluntary compliance' and ending discrimination far more quickly than could litigation proceeding at its often ponderous pace." *Id.* at 228, 102 S.Ct. at 3064. Not only would a job offer by the Title VII defendant cut off liability, but so would the plaintiff's refusal of a similar job with another employer. *Id.* at 231, 102 S.Ct. at 3065 (duty to "use reasonable diligence in finding other suitable employment.").

Clarkfinn bases its argument on statements in their Motion to Dismiss and in their response to the EEOC charge. In the response, dated September 1, 1993, Clarkfinn wrote that they were "willing to employ Mr. Bahadirli at the location with the next avail-

able driver position." According to the defendant, this constitutes a job offer, and because the plaintiff did not accept he is barred from recovery. There are two flaws with this argument.

First, the plaintiff could prove a set of facts that would show that this was not a job offer. In fact, the court would interpret it as an offer of possible employment at some time in the as yet unknown future. Additionally, the statement that Clarkfinn asserts is an offer was not made to Bahadirli, but rather to the EEOC. It is not clear that this "offer" was ever passed on to plaintiff, either by the EEOC or by Clarkfinn.

■ Finally, if it were determined that the statements made in the letter to the EEOC, or even the statements made by the manager of the Westgate Parkway store on the occasion of Mr. Bahadirli's second visit, were an offer of employment, this would only cut off recovery from that point forward. *See Ford,* 458 U.S. at 233, 102 S.Ct. at 3066. It would not affect the plaintiff's right to recover for time between the alleged discrimination and the date of the offer. *Id.*

This matter is before the court on a Motion to Dismiss. Therefore, the court must take care not to speculate as to what the plaintiff may be able to prove at a later date. Accordingly, Clarkfinn's Motion to Dismiss is due to be denied.

## V. SUMMARY JUDGMENT STANDARD

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating to the court the basis for his motion and identifying those portions of the pleadings and evidentiary submissions which he believes show an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Publishing Co.,* 9 F.3d 913, 918 (11th Cir.1993). In a case in which the ultimate burden of persuasion at trial rests on the non-movant, the party seeking summary judgment can meet this standard either by submitting affirmative evidence negating an essential element of the non-movant's claim, or by demonstrating that the non-movant's evidence itself is insufficient to establish an essential element of his or her claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The burden then shifts to the non-movant to make a showing sufficient to establish the existence of an essential element to his claims, and on which he bears the burden of proof at trial. *Id.* To satisfy this burden, the non-movant cannot rest on the pleadings, but must by affidavit or other appropriate means, set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

■ The court's function in deciding a motion for summary judgment is to determine whether there exist genuine, material issues of fact to be tried, and if not, whether the movant is entitled to a judgment as a matter of law. *See Dominick v. Dixie Nat'l Life Ins. Co.,* 809 F.2d 1559 (11th Cir.1987). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Hairston,* 9 F.3d at 919 (citations omitted). It is the substantive law that identifies those facts which are material on motions for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). *See also DeLong Equip. Co. v. Washington Mills Abrasive Co.,* 887 F.2d 1499, 1505 (11th Cir.1989).

■ When the court considers a motion for summary judgment, it must avoid weighing conflicting evidence, making credibility determinations and deciding material factual issues. *Hairston,* 9 F.3d at 919. All the evidence and the inferences from the underlying facts must be viewed in the light most favorable to the non-movant. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1080 (11th Cir.1990). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The movant bears "the exacting burden of demonstrating that there is no dispute

as to any material fact in the case." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983). *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

## VI. ANALYSIS—Domino's & Reams

As stated above, in order to make out a prima facie case, plaintiff must show the following: that plaintiff is of different national origin; that plaintiff applied for a position, and was qualified for that position; that the plaintiff was rejected for the position despite his qualifications; and that the defendant continued to accept applications for the position following the rejection of the plaintiff. *See, Turnes,* 36 F.3d at 1061.

■ However, in addition to establishing a prima facie case, the plaintiff must show that the defendants named are properly before the court on these claims. Domino's argues that it is entitled to summary judgment on plaintiff's Title VII claims because it is not the employer in this case. The defendant Reams contends that he cannot be sued under Title VII in his individual capacity and that, because the employer is named in the suit, naming him in his official capacity is repetitive. The court agrees with the arguments of both Domino's and Reams.

## A. DOMINO'S, INC.

■ In order to find that Domino's is responsible for the alleged actions of Reams, a finder of fact must determine that Reams was an agent of Domino's. *See, e.g., Cobb v. Sun Papers, Inc.,* 673 F.2d 337, 341 (11th Cir.1982). Accordingly, on deciding this Motion for Summary Judgment, the court must determine if there is any evidence that could lead a jury to so conclude.

■ The established law in the Circuit holds that a court should apply the general principles of common law in determining agency for the purposes of respondeat superior in a Title VII suit. *Id.* Of primary importance, then, is the right of the alleged principal to control the day to day functions of the alleged agent. *Id.*

■ Domino's contends that it did not have control over the day to day operations or over hiring and firing that would allow a finding of liability should Bahadirli prove his claim. In support of its argument, Domino's has submitted affidavits from Linda Popevich, a Divisional Vice President of Franchise Services for Domino's. According to these affidavits, the Westgate Parkway store was, and is, a franchise, operated by an independent contractor—Clarkfinn. Popevich also avers that "persons who work at a store operated by a franchisee, including the Westgate Parkway Store, are employees of the Franchisee [Clarkfinn] and not DPI [Domino's]." In her supplemental affidavit, Popevich stated that Domino's has no knowledge of individuals who apply for positions at Domino's franchises.

■ These affidavits are uncontradicted by the plaintiff. Although agency is generally a question of fact, there must be at least some evidence of agency presented by the party opposing a motion for summary judgment. *See, e.g., Carlton v. Alabama Dairy Queen,* 529 So.2d 921, 923 (Ala.1988). In this case, the plaintiff has presented no evidence that the defendant Domino's had any control over the employees' day to day activities, or control over hiring and firing at the Westgate Parkway store. Accordingly, Domino's Motion for Summary Judgment is due to be granted.

## B. THOMAS REAMS

■ Reams is the individual who served as manager at the Domino's franchise that plaintiff is suing. According to plaintiff, Reams turned him down for a position at the Westgate Parkway store because of plaintiff's national origin. Reams no longer works for Clarkfinn.

Plaintiff admits that Reams cannot be sued in his individual capacity, but argues that the court should not grant summary judgment as to Reams in his official capacity. The Court disagrees. As stated above, a suit under Title VII brought against an employee as agent of the employer is properly regarded as a suit against the employer. *Busby,* 931 F.2d at 772. Thus for the same reasons the court dismissed the suit against Clark, the

Title VII claims against Reams are due to be dismissed.

## VII. STATE LAW CLAIMS

The only claims against Reams surviving the dismissal of the Title VII claims against him is the state law claim for outrage. Because no federal claims remain against Reams, he contends that the court has no jurisdiction to hear the state law claim. After considering whether it should exercise supplemental jurisdiction over the state law claim, the court determines that it should not do so.

▪ Under the terms of the Judicial Improvements Act of 1990, Pub.L. No. 101–650, 104 Stat. 5089, federal courts must employ supplemental jurisdiction unless there is a specific exception. 28 U.S.C. § 1367(a).[4] *Wiggins v. Philip Morris, Inc.,* 853 F.Supp. 458, 469 (D.D.C.1994). However, subdivision (c) gives the court discretion to decline to exercise the supplemental jurisdiction in various circumstances. 28 U.S.C. § 1367(c) (1993). *See Yeager v. Norwest Multifamily, Inc.,* 865 F.Supp. 768 (M.D.Ala.1994). One such exception is where the claim presents the federal court with "a novel or complex issue of State law ..." 28 U.S.C. § 1367(c)(1).

▪ The Alabama Supreme Court first recognized the Tort of Outrage in 1981. *American Road Service v. Inmon,* 394 So.2d 361 (Ala.1981). According to *Inmon,* in order for a plaintiff to prevail, he must show that "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Id.* at 365. The person is subsequently liable "for such emotional distress and for bodily harm resulting from the distress." *Id.* However, as the court wrote in *Inmon,* the conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society." *Id.*

▪ The Tort of Outrage is therefore extremely limited. According to a recent Alabama Supreme Court case, "in the 12 years since Inmon was decided, all cases in which this Court has found a jury question on an outrage claim have fallen within only three categories: 1) cases having to do with wrongful conduct in the context of family burials; 2) a case where insurance agents employed heavy handed, barbaric means in attempting to coerce the insured into settling an insurance claim; and 3) a case involving egregious sexual harassment. *Thomas v. BSE Industrial Contractors, Inc.,* 624 So.2d 1041, 1044 (Ala.1993) (citations omitted). Accordingly, although the tort has been applied in the employment discrimination context, it was only in one particularly egregious case of sexual harassment.

▪ In this case, the state law claim asserted by Bahadirli against Reams presents a novel and complex issue of state law. The claim is therefore properly resolved by a state tribunal. As a purely state cause of action, it is for the state to determine the elements and the scope of a claim for Outrage in the area of national origin discrimination. The court will therefore decline to exercise supplemental jurisdiction and will dismiss this claim, without prejudice, for lack of subject matter jurisdiction.

## VIII. CONCLUSION

For the reasons discussed above, the court finds that the Defendant Domino's Motion for Summary Judgment is due to be GRANTED. The Defendant Reams' Motion for Summary Judgment as to all Title VII claims against him is due to be GRANTED. The State Law claim against Defendant Reams is due to be DISMISSED, without prejudice. Defendant Clark's Motion for To Dismiss is due to be GRANTED. Defendant Clarkfinn's Motion for To Dismiss is due to be DENIED.

A separate order will be entered in accordance with this opinion.

---

4. Section 1367(a) reads, "Except as provided in subsections (b) and (c) ... the District Courts shall have supplemental jurisdiction over all other claims that are so related to the claims within such original jurisdiction that they form part of the same case or controversy...."

## ORDER

In accordance with the Memorandum Opinion entered in this case on this day, it is hereby ORDERED as follows:

1. Defendant Domino's Motion for Summary Judgment is GRANTED, and summary judgment in entered in favor of the defendant Domino's Pizza, Inc. and against the plaintiff.

2. Defendant Reams' Motion for Summary Judgment as to all Title VII claims against him is GRANTED, and summary judgment is entered in favor of the defendant Thomas Reams and against the plaintiff on the plaintiff's Title VII claims against him.

3. The state law claim against defendant Reams, based on the Tort of Outrage, is DISMISSED without prejudice.

4. Defendant Clark's Motion to Dismiss is GRANTED, and plaintiff's claims against defendant Willie B. Clark, Jr. are DISMISSED with prejudice.

5. The Motion to Dismiss of defendant Clarkfinn Pizza, Inc. is DENIED. Defendant is given until February 8, 1995, to file an answer.