**Rhonda Nolin LYNN, Plaintiff,**

v.

**UNITED TECHNOLOGIES CORP., INC., etc., Defendants.**

**Civil Action No. 95–D–183–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 14, 1996.

Ann C. Robertson, Birmingham, AL, Matthew C. Lamere, Dothan, AL, for plaintiff.

Forrest Keith Covington, Birmingham, AL, for defendants United Technologies, Ken Herring, Mike Olive, Julia Payne.

Elizabeth Ann McMahan, Birmingham AL, for defendant Mike Spears.

### *MEMORANDUM OPINION AND ORDER*

DE MENT, District Judge.

Before the court is defendant Mike Olive's ("Olive") motion to dismiss filed June 19, 1995. For the following reasons, the court finds that Olive's motion is due to be granted.

### STANDARD OF REVIEW FOR MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure,* a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief may be granted. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert,* 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir.1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. *See e.g., Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991); *see also Brower v. County of Inyo,* 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).

### BACKGROUND

Plaintiff Rhonda Nolin Lynn ("plaintiff") brought this action on February 8, 1995, alleging that her termination of employment with Sikorsky Support Services, Inc. ("SSSI"), violated Title VII of the Civil Rights Act of 1964[1] and also denied her rights protected by the United States Constitution, as enforced by 42 U.S.C. § 1983. The plaintiff also predicates liability under several state law theories.

---

1. 42 U.S.C. § 2000e, *et seq.*

The complaint names six defendants,[2] including Olive, SSSI's Operations Manager. Olive works at SSSI's office in Troy, Alabama, and is sued in his individual and official capacities. The six causes of action set forth in the complaint are as follows: Title VII claim for *quid pro quo* sexual harassment (Count I); Title VII claim for hostile work environment sexual harassment (Count II); infringement of the first and fourteenth amendments, as enforced by 42 U.S.C. § 1983 (Count III); tort of assault and battery (Count IV); tort of invasion of privacy (Count V); and tort of outrage (Count VI).

## DISCUSSION

### I. Title VII: Proper Defendants

■ Olive asserts that he is not a proper defendant as to the Title VII claims asserted in Counts I and II of the complaint. After carefully considering the arguments and case authority set forth in the opposing parties' briefs, the court agrees with Olive. In the Eleventh Circuit, "[i]ndividual capacity suits under Title VII are ... inappropriate. The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) (per curiam) (citations omitted) (emphasis in original); *see also Bahadirli v. Domino's Pizza*, 873 F.Supp. 1528, 1533 n. 2 (M.D.Ala.1995) (Albritton, J.).

■ The court concurs with the particularly well-reasoned decision in *Smith v. Capitol City Club of Montgomery*, 850 F.Supp. 976 (M.D.Ala.1994) (Thompson, J.). That is, as in *Smith*, the court likewise finds that the 1991 Amendments to Title VII of the Civil

Rights Acts do not affect the validity of *Busby* and that Title VII "does not impose individual liability but only holds the employer accountable for the acts of its individual agents." *Id.* at 978–79. Based upon the latter authority, the court finds that the plaintiff cannot maintain a lawsuit against Olive in his individual capacity.

■ The court further finds that the plaintiff's lawsuit against Olive in his official capacity is unnecessary and duplicative, since his employer is properly named as a defendant. *Bahadirli*, 873 F.Supp. at 1534. Accordingly, the court finds that the Title VII claims asserted against Olive in his official capacity are due to be dismissed as well.[3]

### II. Liability under 42 U.S.C. § 1983

■ The plaintiff also has asserted that Olive deprived her rights guaranteed under the first and fourteenth amendments to the United States Constitution, as enforced by of 42 U.S.C. § 1983.[4] Section 1983 applies only to persons acting "under color of state law" and does not reach the conduct of private individuals. *Wideman v. Shallowford Community Hosp.*, 826 F.2d 1030, 1031 (11th Cir.1987). *See Garmon v. Lumpkin County*, 878 F.2d 1406, 1408 (11th Cir.1989).

The plaintiff has not alleged that the intrusion of which she complains was committed by Olive in his capacity as a state official. Olive's alleged illegal actions were taken within the line and scope of his employment with SSSI. SSSI is a private employer and is not affiliated in any way with the State of Alabama or with any state.

Here, however, the plaintiff has not alleged any facts in the complaint indicating that her employer is merely a "shell" or that it has gone bankrupt. Hence, the court need not decide whether a deviation from the rule against individual liability is warranted in this case.

---

2. In an order entered June 26, 1995, the court granted defendants Ken Herring and Julia Payne's unopposed motions to dismiss; hence, they are no longer parties to this action.

3. The *Smith* opinion indicated that disallowing an individual capacity lawsuit could have a detrimental effect on a plaintiff where an employer-corporation has either filed a petition for bankruptcy or is acting as the alter ego of an individual director, officer or owner. *Smith*, 850 F.Supp. at 981 (citing *Janopoulos v. Harvey L. Walner & Assoc., Ltd.*, 835 F.Supp. 459, 461–62 (N.D.Ill.1993) and *Vakharia v. Swedish Covenant Hosp.*, 824 F.Supp. 769, 785–86 (N.D.Ill.1993)).

4. While § 1983 does not itself create substantive rights, it is the statutory vehicle through which plaintiffs must seek redress for deprivations of rights established under the United States Constitution or federal statutes. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433 (1979).

For these reasons, the plaintiff "does not contest" Olive's motion to dismiss the 42 U.S.C. § 1983 claims asserted in Count III. Accordingly, Olive's motion to dismiss Count III is due to be granted.

### III. Supplemental State Law Claims

■ Finally, Olive asserts that the state law tort claims for assault and battery, invasion of privacy and outrage are due to be dismissed on the ground that he cannot be held liable under a theory of respondeat superior. While the plaintiff does not oppose Olive's motion to dismiss the state law claims, the court briefly will set forth the reasoning for dismissing said claims.

■ The conduct upon which the state law claims are predicated is the alleged sexual harassment of defendant Mike Spears ("Spears"), a foreman with SSSI. The plaintiff does not allege that Olive engaged in any conduct necessary to establish the elements of those state law claims.[5] Rather, the plaintiff's contention in the complaint is that Olive is liable, because he ratified and/or condoned Spears' alleged sexual harassment. It is true that, under certain circumstances, an *employer* may be held liable for the tortious conduct of its employees on a ratification theory. *Potts v. BE & K Const. Co.,* 604 So.2d 398, 400 (Ala.1992). However, no authority exists for the proposition that liability for an employee's alleged tortious acts may be imputed to an *individual supervisor* or *co-employee,* who merely ratifies the act or acts alleged. Indeed, "ratification can arise only when [as may be the case between an employer and an employee] there is the relationship of principal and agent, either actual or adopted. 'Ratification * * * is a doctrine of agency, and, where there is no agency and no attempt to act as agent, there is nothing to which the doctrine can apply.' " *Exchange Security Bank v. King,* 53 Ala.App. 429, 301

So.2d 193, 196 (1974) (citation omitted) (brackets supplied).

The plaintiff does not assert that Spears was acting as an agent of Olive. Rather, a cause of action for these torts, if any, lies against the plaintiff's employer. *See Potts,* 604 So.2d at 400 (setting forth the elements of proof for holding an employer liable for the ratification of an employee's conduct toward a plaintiff). Here, it is unclear whether the plaintiff has named her employer as a defendant under the state-law counts. Count IV only mentions the individual defendants and not SSSI. Count V and VI, on the other hand, refer collectively to the "defendants." In the interest of justice, the court *sua sponte* will grant the plaintiff leave to amend the complaint to add her employer as a defendant under these counts, if she so desires.

### CONCLUSION

For the reasons set forth herein, it is CONSIDERED and ORDERED that defendant Mike Olive's motion to dismiss all claims asserted against him in the complaint be and the same is hereby GRANTED and that said defendant be and the same is hereby DISMISSED as a party-defendant in this action. This action will proceed as to remaining defendants named in the complaint.

The court further *sua sponte* grants the plaintiff leave to file on or before February 26, 1996, an amended complaint in conformity with this memorandum opinion and order.

---

5. For instance, to establish her claim for assault and battery, the plaintiff must show that she was subjected to "the touching of the person of another in rudeness or anger." *Saville v. Houston County Healthcare Auth.,* 852 F.Supp. 1512, 1542 (M.D.Ala.1994) (Thompson, J.) (citing *Allen v. Walker,* 569 So.2d 350, 351 (Ala.1990) (second citation omitted)). The plaintiff does not allege that Olive touched her or threatened to touch her.

Moreover, to establish a claim for invasion of privacy, the plaintiff must prove, among other elements, a "wrongful intrusion into [her] private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Busby v. Truswal Systems Corp.,* 551 So.2d 322, 323 (Ala. 1989). She makes no such contention that Olive engaged in any conduct that would constitute such an intrusion.