Anne ROBERTS, Plaintiff,

v.

LAKEVIEW COMMUNITY HOSPITAL,
et al., Defendants.

Civil Action No. 97–A–1143–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 2, 1997.

Christian E. Roberson, Birmingham, AL, for Plaintiff.

Terry A. Sides, Montgomery, AL, Sharel VanSandt Hooper, Chattanooga, TN, Diana Ryan, Rapid City, SD, for Defendants.

## ORDER

ALBRITTON, District Judge.

This case is before the court on the Motion to Dismiss for Lack of Jurisdiction, filed by the Defendant, Dr. Ronald Lawrence, on October 28, 1997.

The Complaint in this case contains two claims: (1) a Title VII claim against Defendant, Lakeview Community Hospital, and (2) an assault and battery claim against Dr. Ronald L. Lawrence. The court has jurisdiction of the Title VII claim under federal law. The assault and battery claim against Dr. Lawrence is a state law claim. It is conceded that diversity of citizenship does not exist, but the Plaintiff contends that this court has supplemental jurisdiction of the state law claim against Dr. Lawrence pursuant to 28 U.S.C. § 1367.

Defendant Lawrence asks the court to dismiss the claim against him for lack of jurisdiction or to decline to exercise supplemental jurisdiction under the authority of 28 U.S.C. § 1367(c). The court does not reach the question of whether it should decline to exercise supplemental jurisdiction. Rather, the court finds that it does not have supplemental jurisdiction over the state law claim in the first place, because the state law claim is not "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," as is required by § 1367 for supplemental jurisdiction to exist.

In *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451 (11th Cir.1996), the Eleventh Circuit held that

In deciding whether a state law claim is part of the same case or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.

Here, the claims do not arise from the same facts. The Plaintiff contends that Dr. Lawrence, while working as a surgeon at Lakeview Community Hospital, struck the Plaintiff, committing an assault and battery. She further alleges that some time later she was demoted and replaced by a male employee with less experience and qualifications than she. Her theory of recovery on the Title VII claim is that Lakeview Community Hospital discriminated against her on the basis of gender, based upon that Defendant's

reaction to the incident involving Dr. Lawrence. The two claims, however, are distinctly different. The Title VII claim is not based upon the act alleged to have been an assault and battery; the Title VII claim is based upon the hospital's alleged reaction to that incident. There is no allegation of similar occurrences. While evidence of the incident involving Dr. Lawrence may be admissible at trial of the Title VII claim, whether or not Dr. Lawrence's actions constituted an assault and battery will not matter. The issue as to the hospital will be determined on the basis of whether or not the hospital discriminated against the Plaintiff on the basis of gender in demoting her. This is far different from a situation in which a corporate defendant's employee is charged with assault and battery based on acts of sexual harassment which form the basis of a Title VII. *See, e.g., Yeager v. Norwest Multifamily, Inc.*, 865 F.Supp. 768 (M.D.Ala.1994). There, state law claims against the employee would arise from the same facts as the Title VII case. Here, however, the fact that there allegedly was an assault and battery does not provide a sufficient nexus between that act and an alleged subsequent act of demoting the Plaintiff to support supplemental jurisdiction.

For the reasons stated, the Motion to Dismiss is GRANTED, and it is hereby

ORDERED that the assault and battery claim against Dr. Ronald L. Lawrence is DISMISSED for lack of jurisdiction, and Dr. Ronald L. Lawrence is DISMISSED as a Defendant.